Filed 8/13/15 P. v. Grissom CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> STEVEN EUGENE GRISSOM, <br><br> Defendant and Appellant. | F068880 <br><br> (Kings Super. Ct. No. 13CM4651B) <br><br> **OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Kings County. Robert S. Burns, Judge.

Julia K. Freis, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

* Before Kane, Acting P.J., Detjen, J. and Peña, J.

## INTRODUCTION

Appellant/defendant Steven Eugene Grissom was sentenced to six years pursuant to a negotiated disposition after pleading no contest to conspiracy to possess drugs in jail or prison (Pen. Code, §§ 182, subd. (a)(1), 4573.8).[1]  On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We order a limited remand for the superior court to determine if defendant's custody credits were correctly calculated, and otherwise affirm.

## FACTS[2]

### Case No. 13CM7534

On September 7, 2013, a deputy attempted to conduct a traffic stop on defendant because he was riding a bicycle against traffic and in the roadway.  Defendant saw the deputy but refused to stop.  He rode away, jumped off his bicycle and ran.  The deputy followed on foot and ordered him to stop, but defendant kept running.  The deputy caught up with him and defendant surrendered.  Defendant was under the influence of methamphetamine.  He was carrying a large paper bag which contained marijuana, methamphetamine, and narcotics paraphernalia.

On the same day, defendant was arrested and booked into custody for possession of marijuana and methamphetamine and for resisting an officer.

According to the probation report, defendant was held in jail on this case from September 7, 2013, to September 27, 2013.

### Case No. 13CM4651B

In November 2013, several law enforcement organizations conducted an investigation into whether there was a conspiracy to smuggle narcotics into the Kings

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

[2] The following facts are taken from the probation report and the prosecutor's factual statement in support of the plea.

2.

County Jail. Based on wiretaps and surveillance, the officers determined defendant was part of the conspiracy along with Mariano Herrada, "Ronaldo" Ornelas, and Joe Trejo, to bring narcotics into the jail in furtherance of the Norteño and Nuestra Familia gangs.

On November 17, 2013, officers monitored a telephone call from one conspirator to defendant, who was not in custody. The conspirator asked defendant whether he was going back to jail. Defendant said he was going to court the next day, and that his trial would start if he did not get drug court. Defendant was not sure if he was going to be remanded. On the same day, officers monitored a telephone call between two other conspirators, who also were not in custody. They discussed whether defendant was going to be remanded into custody and whether he could transport contraband into the jail.

On November 18, 2013, officers monitored a telephone call between the conspirators. Defendant was present with one of the conspirators during the telephone call; the conspirator said he was wrapping something up for defendant, referring to the contraband. About an hour later, there was another call between the conspirators, and they discussed how they were almost done packaging the contraband that defendant was going to smuggle into the jail.

Later on November 18, 2013, defendant appeared in court, and he was remanded into custody in the jail. A few hours later, officers monitored another telephone call between the conspirators. They discussed how defendant was taken into custody and that he was able to smuggle almost everything into the jail.

At some point after defendant was remanded into custody, he was searched and found to be in possession of three packages of marijuana, which were hidden within his body. The record is silent as to what day he was searched.

On November 22, 2013, a complaint was filed in case No. 13CM4651B, charging defendant and codefendants Mariano Herrada, "Ronald" Ornelas, and Joe Trejo with count I, conspiracy to possess drugs in jail or prison (§§ 182, subd. (a)(1), 4573.8), with a gang enhancement (§ 186.22, subd. (b)(1)(A)); and count II, active participation in a

3.

criminal street gang (§ 186.22, subd. (a)), and that defendant had three prior prison term enhancements (§ 667.5, subd. (b)).

**The Plea**

On December 3, 2013, defendant entered into a negotiated disposition in case No. 13CM4651B, and pleaded no contest to count I, conspiracy to possess drugs in jail or prison, and admitted the gang enhancement, for a stipulated term of six years. The prosecutor stated the following factual basis for the plea:

> "[O]n November 19th of 2013, the defendant [along with the three codefendants] conspired to bring marijuana and paraphernalia into Kings County Jail, and the defendant did so when he was remanded to court on a different case on the 19th.
>
> "After the agreement of the conspiracy … was reached, an overt act was committed by [defendant] specifically on November 18, that he did bring marijuana into the county jail, specifically there were three packages found in [defendant's] person,… one package with 15.1 grams, a second package being 16.2 grams and a third package being 23.1 grams, and those are net weight….
>
> "Also, further evidence would have been presented through expert testimony that the conspiracy to commit that Count 1 was done for the benefit of a specific street gang, in this case specifically Nortenos."

The court asked defense counsel if he agreed with the prosecutor's statement of the factual basis. Defense counsel replied that defendant was actually "remanded on November 18th, but the rest is agreed." The court asked defendant if that was correct, and defendant said yes.

As part of the negotiated disposition, defendant also pleaded no contest in case No. 13CM7534 to misdemeanor resisting an officer on September 7, 2013 (§ 148, subd. (a)(1)). The court granted the prosecution's motion to dismiss the remaining charges in both cases.

**Sentencing**

On January 2, 2014, the court conducted the sentencing hearing. According to the probation report, defendant had 42 days of actual credit in the conspiracy case (No. 13CM4651B), based on being in jail from November 22, 2013 to January 2, 2014, plus 42 days of conduct credits, for a total of 84 days.

In the resisting case (No. 13CM7534), defendant had 63 days of actual credit, based on being in jail from September 7, 2013, to September 27, 2013; and when he was remanded on November 18, 2013, to January 2, 2013; plus 62 days of conduct credits, for a total of 125 days.

As to the conspiracy conviction, the court denied probation and sentenced defendant to the upper term of three years for count I, plus the midterm of three years for the gang enhancement, consistent with the negotiated disposition. The court imposed a concurrent term of 365 days for the misdemeanor resisting conviction. The court followed the probation report's recommendation and awarded conduct credits as set forth in the report.

On February 5, 2014, defendant filed a timely notice of appeal. His request for a certificate of probable cause was denied.

**Postsentence Letters**

Appellate counsel sent a letter to the superior court dated April 24, 2014, requesting correction of the custody credits in the conspiracy case (No. 13CM4651B) to 46 actual days and 46 days of credit, for a total of 92 days.

In a letter dated May 14, 2014, appellate counsel advised the superior court that the abstract of judgment in the conspiracy case (No. 13CM4651B) erroneously stated that defendant admitted a gang enhancement pursuant to section 186.22, subdivision (a)(1), and requested another correction to clarify that he admitted the enhancement pursuant to section 186.22, subdivision (b)(1) and did not admit the substantive offense.

On August 5, 2014, the superior court filed an amended abstract of judgment, which correctly stated defendant admitted the gang enhancement under section 186.22, subdivision (b)(1). It did not change defendant's credits, and the court did not respond to counsel's request about the credits.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on June 18, 2014, we invited defendant to submit additional briefing. To date, he has not done so. However, defendant's presentence credits may have been erroneously calculated.

### Presentence Credits

As noted above, while this appeal was pending, defendant's counsel wrote to the superior court about an alleged error in the calculation of his presentence credits in the conspiracy case (No. 13CM4651B). Counsel noted the court awarded 42 actual days and 42 days of credit for a total of 84 days. However, counsel stated defendant was arrested in the conspiracy case on November 18, 2013, and remained in custody until the sentencing hearing on January 2, 2014, which amounted to 46 actual days. Counsel requested that the superior court amend the abstract of judgment to reflect defendant had 46 actual days and 46 days of conduct credits for a total of 92 days. Defense counsel also asked the superior court to correct an error in the abstract as to the gang enhancement.

After counsel filed the *Wende* brief in this case, the superior court prepared and filed an amended abstract which corrected the error as to the gang enhancement. However, it did not change defendant's presentence credits. Counsel did not request to file supplemental briefing on this matter.

In *People v. Bruner* (1995) 9 Cal.4th 1178 (*Bruner*), the California Supreme Court explained that "a prisoner is not entitled to credit for presentence confinement unless he shows that the conduct [that] led to his conviction was the sole reason for his loss of

6.

liberty during the presentence period….” (*Id*. at p. 1191.)  A defendant’s sentence may not be credited with presentence custody time attributable to different criminal conduct. (*Ibid*.)  “[W]here a period of presentence custody stems from multiple, unrelated incidents of misconduct, such custody may not be credited against a subsequent formal term of incarceration if the prisoner has not shown that the conduct which underlies the term to be credited was ... a ‘but for’ cause of the earlier restraint….” (*Id.* at pp. 1193–1194.)  The burden is on the accused to establish entitlement to presentence custody credit.  (*Id.* at p. 1194.)

In this case, the record reflects defendant was remanded into custody on November 18, 2013, possibly on the pending misdemeanor resisting case.  At some point after he was remanded to jail, he was found in possession of narcotics and paraphernalia that had been hidden within his body, which resulted in the conspiracy plea.  The record is silent as to what day the search occurred.

According to the probation report, defendant’s presentence credits in the conspiracy case were calculated based on being in custody for that case starting on November 22, 2013.

It is impossible to determine from this record whether the superior court correctly calculated defendant’s presentence credits in the conspiracy case, or if *Bruner* applies to the calculation of the credits.  Appellate counsel requested the superior court to correct the abstract as to both the gang enhancement and the calculation of credits.  The court filed a corrected abstract as to the gang enhancement but did not modify or comment on counsel’s request about the credits.

After independent review of the record, we find that no other reasonably arguable factual or legal issues exist.  However, we will order a limited remand to address the credits issue.

7.

## **DISPOSITION**

The matter is remanded for the superior court to determine if defendant's conduct credits were correctly calculated in case No. 13CM4651B, and, if applicable, to file an amended abstract of judgment.  In all other respects, the judgment is affirmed.